**Jurasri KATZKA, Plaintiff–Appellant,**

v.

**Keith LEONG and Doug Moscovic, Defendant–Appellee.**

No. 99–17223.

D.C. No. CV–98–20260–SW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2001.

Decided April 5, 2001.

Before HAWKINS, McKEOWN and WARDLAW, Circuit Judges.

## MEMORANDUM *

Jurasri Katzka appeals the district court's grant of summary judgment to the defendants in this *Bivens* action charging unlawful detention and excessive force in violation of the Fourth Amendment. While U.S. Marshal deputies Keith Leong and Douglas Moscovic executed an arrest warrant for Patrick Katzka at his home, his wife, Jurasri Katzka, attempted to make a telephone call. Deputy Moscovic told her not to make any calls until the deputies were gone, and put his finger on the telephone to prevent her from calling. After she ignored his order, tried to use a different telephone and then struggled with him in an attempt to make a call, he handcuffed her for approximately twenty minutes. She was released, and never charged with any crime, although Deputy Moscovic was advised by the U.S. Attorney's office that there was sufficient basis to "bring her in." Mrs. Katzka filed suit, claiming that she suffered physical injuries and distress as a result of this incident. The district court granted the defendants' motion for summary judgment, determining that the deputies did not violate the Fourth Amendment, and that they are entitled to qualified immunity because a reasonable officer could have believed that their actions were lawful. Mrs. Katzka appeals.

■ Whether an otherwise valid search or seizure was carried out in an unreasonable manner is determined under an objective test, on the basis of the facts and circumstances confronting the officers. *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). As we noted in *Franklin v. Foxworth,* the court may "look to whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham,* and then must consider 'whether the totality of the cir-

cumstances justifies a particular sort of seizure.'" 31 F.3d 873, 876 (9th Cir.1994), quoting *Tennessee v. Garner,* 471 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

■ It is well settled that police may detain residents during execution of a search warrant, even if those residents are not suspected of committing any crime. *See Michigan v. Summers,* 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (detention of residents reasonable during execution of search warrant in narcotics case). In *Summers,* the Supreme Court assumed that there was no probable cause to detain the individuals. *Id.* at 696, 101 S.Ct. 2587. Nonetheless, the Court stated that "some seizures admittedly covered by the Fourth Amendment constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause, so long as police have an articulable basis for suspecting criminal activity." *Id.* at 699, 101 S.Ct. 2587. The Court noted that even if no special danger to the officers is suspected, there is a law enforcement interest in exercising "unquestioned command of the situation." *Id.* at 703, 101 S.Ct. 2587 (citing 2 W. LAFAVE, SEARCH AND SEIZURE § 4.9, pp. 150–51 (1978)).

Although *Summers* dealt with execution of a search warrant, rather than an arrest warrant, its analysis applies equally in this case. In fact, *Summers* noted that the reasoning of *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), demonstrated that execution of an arrest warrant presents a similar situation. Noting that both types of warrants require a neutral magistrate to determine probable cause, *Summers* stated that a judicial officer's determination of probable cause to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

arrest or search ensures that the residents' privacy rights are not violated. 452 U.S. at 704–05, 101 S.Ct. 2587.

■ In the present case, the deputies barred Mrs. Katzka from using the telephone only for the brief period necessary to complete the arrest of Mr. Katzka. They did this to maintain control over the scene of the arrest, and to prevent any possible disturbances or threats. Deputy Moscovic's actions preventing Mrs. Katzka from making a telephone call until the deputies left the house were reasonable. In addition, we conclude that the handcuffing and detention were justified by the deputies' interest in controlling the execution of the warrant, and by their concern for Mrs. Katzka's escalating actions. There is no evidence in the record suggesting that the force used to restrain Mrs. Katzka was more than minimally necessary to handcuff her, or that this specific motion caused her pain. Mrs. Katzka made a single comment to the officers about the tightness of her handcuffs and was told that those handcuffs were the only size Deputy Moscovic had. She made no other comment about the handcuffs. She later told Deputy Moscovic that she was "fine." This record does not include any evidence that would put an officer on notice that Mrs. Katzka was in pain or that something should be done about the handcuffs.

AFFIRMED.